IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| REALTIME DATA, LLC d/b/a IXO,<br><br>    Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br>DELL INCORPORATED, and<br>HEWLETT-PACKARD COMPANY,<br><br>    Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Realtime Data, LLC d/b/a IXO ("Realtime") files this Complaint for Patent Infringement against Defendants Microsoft Corp. ("Microsoft"), Dell Inc. ("Dell"), and Hewlett-Packard Company ("HP") (collectively, "Defendants") and asserts as follows:

### THE PARTIES

1.      Since 1998, Realtime has researched and developed solutions to increase the speeds at which data can be stored and accessed.  Realtime's inventions benefit computer users by reducing the amount of time spent waiting for files, such as an operating system, to load on a computer.  As recognition of its innovation in this field, Realtime holds 40 United States patents, and has 10 pending patent applications.  Realtime has licensed patents in this portfolio to many of the world's leading technology companies. The patents-in-suit here relate to Realtime's development of a solution for increasing the speed at which an operating system boots on personal computers and other consumer products.  Realtime has a place of business at 116

Croton Lake Road, Katonah, New York 10536, and is organized under the laws of the State of New York.

2.      On information and belief, Defendant Microsoft is a Washington corporation, with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

3.      On information and belief, Defendant Dell is a Delaware corporation, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

4.      On information and belief, Defendant HP is a Delaware corporation, with its North American headquarters at 11445 Compaq Center West Drive, Houston, Texas 77070, and a worldwide headquarters at 3000 Hanover Street, Palo Alto, California 94304.

### JURISDICTION AND VENUE

5.      This is a complaint for patent infringement that arises under the laws of the United States, Title 35 of the United States Code.

6.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

7.      This Court has personal jurisdiction over Defendant Microsoft in this action because Microsoft has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Microsoft would not offend traditional notions of fair play and substantial justice.  Defendant Microsoft, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products that infringe the asserted patents.  Microsoft is registered to do business in the State of Texas and has appointed

Corporation Service Company, 211 East Seventh Street, Suite 620, Austin, Texas 78701-3218 as its agent for service of process.

8.      This Court has personal jurisdiction over Defendant Dell in this action because Dell has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Dell would not offend traditional notions of fair play and substantial justice.  Defendant Dell, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products that infringe the asserted patents.   Moreover, Dell is registered to do business in the State of Texas and has appointed Corporation Service Company, 211 East Seventh Street, Suite 620, Austin, Texas 78701-3218, as its agent for service of process.

9.      This Court has personal jurisdiction over Defendant HP in this action because HP has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over HP would not offend traditional notions of fair play and substantial justice.  Defendant HP, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products that infringe the asserted patents.  Moreover, HP is qualified to do business in the state of Texas, and has appointed CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX, 75201-3136, as its agent for service of process.

10.     Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)-(c) and 1400 because Defendants have committed acts of direct and indirect infringement in the Eastern District of Texas and have transacted business in the Eastern District of Texas.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,181,608

11.     Realtime re-alleges and incorporates by reference paragraphs 1-10 above.

12.     On February 20, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,181,608 (the "'608 Patent"), entitled "Systems and Methods for Accelerated Loading of Operating Systems and Application Programs."  Realtime is the owner of the '608 Patent, a true and correct copy of which is attached as Exhibit A to this Complaint.

13.     The '608 Patent relates to systems and methods for providing accelerated loading of operating systems and application programs upon system boot or application launch.  To overcome the problem of slow boot times of operating systems, the '608 Patent discloses and claims inventive methods and apparatuses directed to, *inter alia*, maintaining a list of boot data, preloading compressed boot data from the list into a cache memory, and decompressing the data prior to the time when the computer's central processing unit begins to load the boot data.

14.     Defendant Microsoft has infringed and continues to infringe one or more claims of the '608 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing Microsoft Windows operating systems, including the Windows 7 and 8 operating systems, and devices running Microsoft Windows operating systems, including, but not limited to, the Surface Pro 3, and any such reasonably similar products.

15.     Defendant Microsoft also infringes the '608 Patent willfully under 35 U.S.C. § 284.  Microsoft knew of the '608 Patent prior to the filing of this suit.  Microsoft identified the '608 Patent to the USPTO as a patent of interest during Microsoft's application for at least one of its own patents.  Specifically, Microsoft identified the '608 Patent in an application that issued as Microsoft's 8,176,253 patent.   Additionally, the International Search Authority notified

Microsoft of the existence of the '608 Patent in response to Microsoft's application for a foreign patent.  Further, the '608 Patent is identified in Microsoft's U.S. Patent Nos. 8,266,387 and 8,813,052.  The 8,176,253 patent issued in May 2012, the 8,266,387 patent issued in September 2012, and the 8,813,052 issued in August 2014, all before the filing of this suit.  Accordingly, Microsoft, with knowledge of the '608 Patent, acted despite an objectively high likelihood that its manufacture and sale of its Windows operating systems and the Surface Pro 3 device infringed Realtime's valid '608 Patent.

16.     Defendant Dell has infringed and continues to infringe one or more claims of the '608 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing devices running Microsoft Windows operating systems, such as the Microsoft Windows 7 and 8 operating systems, including, but not limited to, the Optiplex 780 and 7010, and any such reasonably similar products.

17.     Defendant HP has infringed and continues to infringe one or more claims of the '608 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing devices running Microsoft Windows operating systems, such as the Microsoft Windows 7 and 8 operating systems, including, but not limited to, the Omni 10, Compaq 6300 Pro, and Compaq 6000 Pro, and any such reasonably similar products (the foregoing Microsoft, Dell and HP products are collectively referred to as the "'608 Accused Devices").

18.     Defendant HP also infringes the '608 Patent willfully under 35 U.S.C. § 284.  HP knew of the '608 Patent prior to the filing of this suit.  HP identified the '608 Patent to the USPTO as a patent of interest during HP's application for at least one of its own patents.  Specifically, HP identified the '608 Patent in an application that issued as HP's 8,218,765 patent.  Further, the '608 Patent is identified in HP's U.S. Patent Nos. 8,219,496 and

8,533,445.  The 8,218,765 patent issued in July 2012, the 8,219,496 patent issued in July 2012, and the 8,533,445 patent issued in September 2013, all before the filing of this suit.  Accordingly, HP, with knowledge of the '608 Patent, acted despite an objectively high likelihood that its manufacture and sale of its devices running the Windows operating system infringed Realtime's valid '608 Patent.

19.     Defendants directly infringe because, for example, the '608 Accused Devices include a system or apparatus that maintains a list of boot data used for booting a computer system.  The '608 Accused Devices include a system or apparatus that initializes a central processing unit of the computer system.  The '608 Accused Devices include a system or apparatus that preloads the boot data into a cache memory prior to completion of initialization of the central processing unit, wherein preloading the boot data comprises accessing compressed boot data from a boot device.  The '608 Accused Devices include a system or apparatus that services requests for boot data from the computer system using the preloaded boot data after completion of initialization of the central processing unit of the computer system, wherein servicing requests comprise accessing compressed boot data from the cache and decompressing the compressed boot data at a rate that increases the effective access rate of the cache.  Further, and alternatively, the boot data for the '608 Accused Devices comprises program code associated with one of an operating system of the computer system, an application program, and a combination thereof.

20.     Defendants also indirectly infringe the '608 Patent by inducing infringement by others, such as manufacturers, resellers, and/or end-users of the '608 Accused Devices, of one or more claims of the '608 Patent in violation of 35 U.S.C. § 271.  On information and belief,

Defendants knew of the '608 Patent and knew of its infringement, including by way of this lawsuit.

21.     Defendants' affirmative acts in this District of selling the '608 Accused Devices and causing the '608 Accused Devices to be manufactured and distributed, and providing instruction manuals for and advertising the '608 Accused Devices have induced and continue to induce Defendants' manufacturers, resellers, and/or end-users to manufacture, use, sell, offer for sale, and/or import the '608 Accused Devices in their normal and customary way to infringe the '608 Patent.  Defendants specifically intended and were aware that these normal and customary activities would infringe the '608 Patent.  Defendants performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '608 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

22.     Defendants also indirectly infringe the '608 Patent by manufacturing, using, selling, offering for sale, and/or importing the '608 Accused Devices to resellers and/or end-users with knowledge that the boot component(s) of the '608 Accused Devices was and is especially manufactured and/or especially adapted for use in an infringement of the '608 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

23.     The '608 Patent describes the invention of an apparatus, method and/or system that uses a list of boot data, compressed boot data, preloading of compressed boot data, and servicing of requests for boot data from a computer system using preloaded boot data.  Each of the '608 Accused Devices contains software and hardware that performs these functions in the manner claimed in the '608 Patent.  On information and belief, this software and hardware is designed to function in unison to achieve rapid loading of an operating system.  Further, on

information and belief, devices manufactured by Defendants are not designed to operate in isolation; they are designed to operate in a manner controlled by Windows 7 and 8 operating system software provided by Defendant Microsoft.  Accordingly, without this software, the devices would either not function or function in an unintended manner.  From this, the most compelling inference that arises is that the Windows 7 and 8 operating systems have no substantial non-infringing uses, and that any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  Defendants' manufacture, use, sale, offering for sale, and/or importation of the '608 Accused Devices to resellers and/or end-users constitutes contributory infringement of the '608 Patent.

24.     On information and belief, including the allegations above showing knowledge and intent, Defendants' infringement has been and continues to be deliberate, willful, and in reckless disregard of Realtime's patent rights.

25.     Realtime has been, and continues to be, damaged by Defendants' infringement of the '608 Patent.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,090,936

26.     Realtime re-alleges and incorporates by reference paragraphs 1-10 above.

27.     On January 3, 2012, the USPTO duly and legally issued U.S. Patent No. 8,090,936 (the "'936 Patent"), entitled "Systems and Methods for Accelerated Loading of Operating Systems and Application Programs."  This patent is a continuation of the '608 Patent. Realtime is the owner of the '936 Patent, a true and correct copy of which is attached as Exhibit B to this Complaint.

28.     The '936 Patent relates to systems and methods for providing accelerated loading of operating system and application programs upon system boot or application launch.  To

overcome the problem of slow boot times of operating systems, the '936 Patent discloses and claims inventive systems and methods directed to, *inter alia*, maintaining a list of boot data, preloading compressed boot data from the list into a cache memory, and decompressing the data prior to the time when the computer's central processing unit begins to load the boot data.

29.    Defendant Microsoft has infringed and continues to infringe one or more claims of the '936 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing Microsoft Windows operating systems, including the Windows 7 and 8 operating systems and devices running Microsoft Windows operating systems, including, but not limited to, the Surface Pro 3, and any such reasonably similar products..

30.    Defendant Dell has infringed and continues to infringe one or more claims of the '936 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing devices running Microsoft Windows operating systems, such as the Microsoft Windows 7 and 8 operating systems, including, but not limited to, the Optiplex 780 and 7010, and any such reasonably similar products.

31.    Defendant HP has infringed and continues to infringe one or more claims of the '936 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing devices running Microsoft Windows operating systems, such as the Microsoft Windows 7 and 8 operating systems, including, but not limited to, the Omni 10, Compaq 6300 Pro, and Compaq 6000 Pro, and any such reasonably similar products (the foregoing Microsoft, Dell and HP products are collectively referred to as the "'936 Accused Devices").

32.    Defendants directly infringe because, for example, the '936 Accused Devices include a system or apparatus that maintains a list of boot data used for booting a computer system, wherein at least a portion of said boot data is compressed by a data compression engine

to provide said at least a portion of said boot data in compressed form, and stored in compressed form on a boot device.  The '936 Accused Devices include a system or apparatus that initializes a central processing unit of the computer system.   The '936 Accused Devices include a system or apparatus that preloads said at least a portion of said boot data in compressed form from said boot device to a memory.  The '936 Accused Devices include a system or apparatus that accesses and decompresses said at least a portion of said boot data in said compressed form from said memory.   The '936 Accused Devices include a system or apparatus that utilizes said decompressed at least a portion of said boot data to boot said computer system, wherein said at least a portion of said boot data is decompressed by said data compression engine.  Further, and alternatively, the decompressed at least a portion of the boot data for the '936 Accused Devices comprises program code associated with an application program and an operating system of said computer system.

33.    Defendants also indirectly infringe the '936 Patent by inducing infringement by others, such as manufacturers, resellers, and/or end-users of the '936 Accused Devices, of one or more claims of the '936 Patent in violation of 35 U.S.C. § 271.   On information and belief, Defendants knew of the '936 Patent and knew of its infringement, including by way of this lawsuit.

34.    Defendants' affirmative acts of selling the '936 Accused Devices and causing the '936 Accused Devices to be manufactured and distributed, and providing instruction manuals for and advertising the '936 Accused Devices have induced and continue to induce Defendants' manufacturers, resellers, and/or end-users to manufacture, use, sell, offer for sale, and/or import the '936 Accused Devices in their normal and customary way to infringe the '936 Patent. Defendants specifically intended and were aware that these normal and customary activities

would infringe the '936 Patent.   Defendants performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '936 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

35.     Defendants also indirectly infringe the '936 Patent by manufacturing, using, selling, offering for sale, and/or importing the '936 Accused Devices to resellers and/or end-users with knowledge that the boot component(s) of the '936 Accused Devices was and is especially manufactured and/or especially adapted for use in an infringement of the '936 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

36.     The '936 Patent describes the invention of an apparatus, method and/or system that uses a list of boot data, initialization of a central processing unit, compressed boot data, preloading of compressed boot data, accessing and decompressing at least a portion of said boot data, and servicing of requests for boot data from a computer system using preloaded boot data. Each of the '936 Accused Devices contains software and hardware that performs these functions in the manner claimed in the '936 Patent.   On information and belief, this software and hardware is designed to function in unison to achieve rapid loading of an operating system.   Further, on information and belief, devices manufactured by Defendants are not designed to operate in isolation; they are designed to operate in a manner controlled by Windows 7 and 8 operating system software provided by Defendant Microsoft.   Accordingly, without this software, the devices would either not function or function in an unintended manner.   From this, the most compelling inference that arises is that the Windows 7 and 8 operating systems have no substantial non-infringing uses, and that any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.   Defendants' manufacture, use, sale, offering

for sale, and/or importation of the '936 Accused Devices to resellers and/or end-users constitutes contributory infringement of the '936 Patent.

37.     On information and belief, including the allegations above showing knowledge and intent, Defendants' infringement has been and continues to be deliberate, willful, and in reckless disregard of Realtime's patent rights.

38.     Realtime has been damaged, and continues to be damaged, by Defendants' infringement of the '936 Patent.

**COUNT THREE**
**INFRINGEMENT OF U.S. PATENT NO. 8,880,862**

39.     Realtime re-alleges and incorporates by reference paragraphs 1-10 above.

40.     On November 4, 2014, the USPTO duly and legally issued U.S. Patent No. 8,880,862 (the "'862 Patent"), entitled "Systems and Methods for Accelerated Loading of Operating Systems and Application Programs."  This patent is also a continuation of the '608 Patent.  Realtime is the owner of the '862 Patent, a true and correct copy of which is attached as Exhibit C to this Complaint.

41.     The '862 Patent relates to systems and methods for providing accelerated loading of operating system and application programs upon system boot or application launch.  To overcome the problem of slow boot times of operating systems, the '862 Patent discloses and claims inventive methods directed to, *inter alia*, loading a portion of boot data in a compressed form into a memory, and decompressing the boot data at a rate that decreases the boot time of the operating system.

42.     Defendant Microsoft has infringed and continues to infringe one or more claims of the '862 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing Microsoft Windows operating systems, including the Windows 7 and 8

operating systems and devices running Microsoft Windows operating systems, including, but not limited to, the Surface Pro 3, and any such reasonably similar products.

43. Defendant Dell has infringed and continues to infringe one or more claims of the '862 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing devices running Microsoft Windows operating systems, such as the Microsoft Windows 7 and 8 operating systems, including, but not limited to, the Optiplex 780 and 7010, and any such reasonably similar products.

44. Defendant HP has infringed and continues to infringe one or more claims of the '862 Patent, in violation of 35 U.S.C. § 271, by manufacturing, using, selling, offering for sale, and/or importing devices running Microsoft Windows operating systems, such as the Microsoft Windows 7 and 8 operating systems, including, but not limited to, the Omni 10, Compaq 6300 Pro, and Compaq 6000 Pro, and any such reasonably similar products (the foregoing Microsoft, Dell and HP products are collectively referred to as the "'862 Accused Devices").

45. Defendants directly infringe because, for example, the '862 Accused Devices include a system or apparatus that loads a portion of boot data in a compressed form that is associated with a portion of a boot data list for booting the computer system into a memory. The '862 Accused Devices include a system or apparatus that accesses the loaded portion of the boot data in the compressed form from the memory. The '862 Accused Devices include a system or apparatus that decompresses the accessed portion of the boot data in the compressed form at a rate that decreases a boot time of the operating system relative to loading the operating system utilizing boot data in an uncompressed form. The '862 Accused Devices include a system or apparatus that updates the boot data list, wherein the decompressed portion of boot data comprises a portion of the operating system. Further, and alternatively, the boot data for the

'862 Accused Devices comprises a program code associated with the operating system and an application program.

46.     Defendants also indirectly infringe the '862 Patent by inducing infringement by others, such as manufacturers, resellers, and/or end-users of the '862 Accused Devices, of one or more claims of the '862 Patent in violation of 35 U.S.C. § 271.   On information and belief, Defendants knew of the '862 Patent and knew of its infringement, including by way of this lawsuit.

47.     Defendants' affirmative acts of selling the '862 Accused Devices and causing the '862 Accused Devices to be manufactured and distributed, and providing instruction manuals for and advertising the '862 Accused Devices have induced and continue to induce Defendants' manufacturers, resellers, and/or end-users to manufacture, use, sell, offer for sale, and/or import the '862 Accused Devices in their normal and customary way to infringe the '862 Patent. Defendants have specifically intended and were aware that these normal and customary activities would infringe the '862 Patent.   Defendants performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '862 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

48.     Defendants further indirectly infringe the '862 Patent by manufacturing, using, selling, offering for sale, and/or importing the '862 Accused Devices to resellers and/or end-users with knowledge that the boot component(s) of the '862 Accused Devices was and is especially manufactured and/or especially adapted for use in an infringement of the '862 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

49.     The '862 Patent describes the invention of an apparatus, method and/or system that loads a portion of boot data, accesses the loaded boot data in a compressed form, decompresses the boot data at a rate that decreases a boot time of the operating system, and updates the boot data list.  Each of the '862 Accused Devices contains software and hardware that performs these functions in the manner claimed in the '862 Patent.  On information and belief, this software and hardware is designed to function in unison to achieve rapid loading of an operating system.  Further, on information and belief, devices manufactured by Defendants are not designed to operate in isolation; they are designed to operate in a manner controlled by Windows 7 and 8 operating system software provided by Defendant Microsoft.  Accordingly, without this software, the devices would either not function or function in an unintended manner.  From this, the most compelling inference that arises is that the Windows 7 and 8 operating systems have no substantial non-infringing uses, and that any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  Defendants' manufacture, use, sale, offering for sale, and/or importation of the '862 Accused Devices to resellers and/or end-users constitutes contributory infringement of the '862 Patent.

50.     On information and belief, including the allegations above showing knowledge and intent, Defendants' infringement has been and continues to be deliberate, willful, and in reckless disregard of Realtime's patent rights.

51.     Realtime has been damaged and continues to be damaged by Defendants' infringement of the '862 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Realtime demands judgment against Defendants, including their affiliates, officers, agents, servants, employees, and all persons in active concert or participation with them, as follows:

A.  An award to Plaintiff Realtime of such damages under 35 U.S.C. § 284 as proven against Defendants for infringement of the '608 Patent, '936 Patent, and '862 Patent, together with pre-judgment and post-judgment interest;

B.  A permanent injunction prohibiting Defendants from further acts of infringement of the '608 Patent, '936 Patent, and '862 Patent;

C.  A declaration that Microsoft and HP have willfully infringed the '608 Patent;

D.  An increase in the award of damages to Plaintiff Realtime up to three times the amount of its actual damages for Microsoft's and HP's willful infringement, as authorized by 35 U.S.C. § 284;

E.  An award to Plaintiff Realtime of the costs of this action and its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.  Such other and further relief as this Court may deem just and appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Realtime demands a trial by jury.

Date: December 19, 2014

Respectfully submitted,

/s/ Alan M. Fisch
Alan M. Fisch
alan.fisch@fischllp.com
R. William Sigler (*pro hac vice pending*)
bill.sigler@fischllp.com
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
(202) 362-3500

Peter J. Scoolidge (*pro hac vice pending*)
peter.scoolidge@fischllp.com
FISCH SIGLER LLP
432 Park Avenue South
Fourth Floor
New York, NY 10016
(212) 235-0440

David M. Saunders (*pro hac vice pending*)
david.saunders@fischllp.com
FISCH SIGLER LLP
96 North Third Street
Suite 260
San Jose, CA 95112
(650) 362-8200

*Attorneys for Plaintiff Realtime Data, LLC
d/b/a IXO*